UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUSTIN BISH, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | SA-16-CA-240-FB (HJB) |
| ANDERSON PERFORATING SERVICES, LLC, ANDERSON PERFORATING GP, LLC, RONNIE ANDERSON Individually and as Officer of Corporate Defendants, DONNIE ANDERSON Individually and as Officer of Corporate Defendants, and JUSTIN ANDERSON Individually and as Officer of Corporate Defendants, | § § § § § § § § § § § | |
| Defendants. | § | |

**ORDER GRANTING IN PART CONDITIONAL CERTIFICATION**

This Order concerns Plaintiff's Motion for Conditional Certification, for Disclosure of Contact Information, and to Send Notices (Docket Entry 5). Pretrial matters have been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b). (*See* Docket Entry 6.) For the reasons set out below, Plaintiffs' motion (Docket Entry 5) is **GRANTED IN PART**.

**I.      Jurisdiction.**

Plaintiffs' suit alleges violations of the Fair Labor Standards Act ("FLSA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* Pursuant to 28 U.S.C. § 636(b), this Court has authority to rule on this motion as a non-dispositive matter. *See Poreda v. Boise Cascade, L.L.C.*, 532 F. Supp. 2d 234, 238 (D. Mass. Jan. 22, 2008); *Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d 224, 229 n.1 (W.D.N.Y. Sept. 19, 2006).

## II. Background.

This a putative collective action suit to recover unpaid overtime compensation under FLSA, 29 U.S.C. § 201, *et seq*. (Docket Entry 1.) Plaintiff and potential class members are current and former employees of Defendant, Anderson Perforating Services, LLC and/or Anderson Perforating GP, LLC (collectively referred to as "Anderson"). (*Id*. at 2.) Anderson provides wireline services to the oil and gas industry in Texas, New Mexico, and Oklahoma. (Docket Entry 31, at 2.) Plaintiff alleges that Anderson and its corporate officers, Defendants Ronnie Anderson, Donnie Anderson, and Justin Anderson, failed to calculate his overtime pay at the rate required by FLSA. (Docket Entry 1, at 6–7.)

Plaintiff states that he was employed by Anderson as an engineer, a physical and demanding position that primarily requires the use of manual labor. (Docket Entry 5-5, at 1–2.) He alleges that he regularly worked in excess of 40 hours a week, but did not receive appropriate overtime compensation. (Docket Entry 1, at 9.) Plaintiff brings this putative collective action on behalf of former and current Anderson engineers. (Docket Entry 5, at 4.)

Plaintiff filed this action on March 3, 2016 (*see* Docket Entry 1); additional opt-in Plaintiffs have since consented to join in this suit. (*See* Docket Entries 4, 15–20, 23, 25–30, 33, 35–36, 38.)

## III. Motion for Conditional Certification.

Plaintiff moves to conditionally certify a class ("Class Members") comprised of "[a]ll current and former Engineers (or similar positions) that were employed by Anderson at any time after March 9, 2013." (Docket Entry 5, at 4.) Plaintiff also request that written notice of the action be sent to potential class members, and requests that Defendants be required to provide

him with the names, last known home and work addresses, and email addresses of potential class members. (*Id.* at 2.) Defendants oppose these requests. (Docket Entry 31.)

### A.   *Certification.*

FLSA permits an employee to bring an action against an employer for violation of its wage and hour provisions both on "behalf of [himself] . . . and other employees similarly situated." 29 U.S.C. § 216(b). FLSA collective actions follow an "opt-in" procedure, under which "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

Courts have discretion to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs that they may choose to "opt-in" to the suit. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Although the Fifth Circuit has not adopted a specific standard to be used in determining the propriety of class certification under the FLSA, it has recognized a two-stage approach used by many courts. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). This two-stage approach involves a "notice" stage and a "decertification" stage, and different evidentiary thresholds apply at each stage. *Mooney*, 54 F.3d at 1213–14.

At the "notice" stage, a plaintiff files a motion to provide notice of the lawsuit to potential class members. *Mooney*, 54 F.3d at 1213–14. The evidentiary standard at this stage is lenient, requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1214 n.8. Nevertheless, a court considering issuing notice to potential class members should be mindful of the

"responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266–67 (D. Minn. 1991).

If the motion to authorize notice is granted, the district court will conditionally certify the class so that putative class members are provided an opportunity to "opt-in" to the lawsuit. *Mooney*, 54 F.3d at 1214. The action then proceeds as a representative action throughout discovery. *Id.* Once discovery is complete, the case proceeds to the second stage of litigation, in which the court may revisit the issue of certification, if the defendant files a motion to decertify the class. *Id.*

In order to demonstrate that conditional certification and notice to potential plaintiffs is proper, "a plaintiff must make a minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) . . . those aggrieved individuals are similarly situated to the plaintiff in relevant respect given the claims and defenses asserted, and (3) . . . those individuals want to opt in to the lawsuit." *Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007) (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983)).

To determine whether the requisite showing has been made, courts look at the similarity of job requirements and pay provisions for the potential plaintiffs, and at whether they appear to be victims of a common policy or plan. *See Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002); *Butler v. City of San Antonio*, 2003 WL 22097250, at *1 (W.D. Tex. Aug. 21, 2003). Job requirements need be similar, but not identical. *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 824–25 (N.D. Tex. 2007). Substantial overlap is sufficient. *See id.*

Plaintiff contends that his "attached exhibits provide ample factual basis to support conditional certification." (Docket Entry 5, at 18.) Plaintiff further claims that the exhibits will

establish that "Plaintiff and putative class members were uniformly subject to the same policies of Defendants that led to the violations of the FLSA alleged herein." (*Id.* at 18–19.) In response, Defendants argue that "Plaintiff has failed to provide any supporting declarations other than his own, self-serving, conclusory declaration which is insufficient to satisfy step one when standing alone." (Docket Entry 31, at 5.) Defendants further argue that Plaintiff was employed by Anderson for only 36 days, and only worked 12 days, which they assert is barely enough time "to learn what an Engineer's full scope of duties include or what occurs/occurred on other jobsites." (*Id.*) Plaintiff replied to these claims and presented additional affidavits in support of conditional certification. (*See* Docket Entry 37.) Defendants filed a sur-reply to the additional information presented by Plaintiff; however, they did not raise any objections to these affidavits. (*See* Docket Entry 43.)

Despite Defendants' claims, Plaintiff has set forth substantial allegations in his complaint, and has submitted sufficient evidence in supporting declarations, to suggest that the potential plaintiffs are similarly situated with respect to their job duties. (Docket Entry 1; Docket Entry 5-5, at 1–2; Docket Entry 37-1, at 1–21.) Plaintiff states that his primary job duty was manual labor. (Docket Entry 5-5, at 1.) He states that he "maintained and operated the equipment used at the oilfield well sites." (*Id.*) Plaintiff also states that he worked at various well sites in Texas, and that his job duties remained the same at all locations. (*Id.* at 2.) He claims that "[t]he Engineer position was essentially the same at all locations." (*Id.*) The declarations of other putative class members generally describe similar duties and responsibilities. (*See* Docket Entry 37-1.)

Additionally, the declarations submitted show that potential class members were all compensated in a similar manner, thus showing them to be subject to a common pay policy. (*See*

5

Docket Entry 5-5, at 2; Docket Entry 37-1, at 2–3, 5, 8, 11, 14, 17–18, 20.) Plaintiff states that pursuant to a company-wide policy, he was treated as a salaried employee and "received regular bonuses as part of [his] compensation . . . ." (Docket Entry 5-5, at 2.) Plaintiff contends that he "was misclassified as exempt from overtime wages and paid a salary, together with a series of non-discretionary bonuses." (Docket Entry 1, at 3.) Plaintiff also contends that he "worked more than 40 hours in almost all workweeks." (*Id.* at 9.) Plaintiff claims he "did not receive any overtime for hours worked in excess of forty (40) per week." (*Id.*) Other putative class members state similar claims regarding their compensation. (Docket Entry 37-1, at 2–3, 5, 8, 11, 14, 17–18, 20.) Plaintiff has accordingly met the lenient notice-stage standard for conditional certification.

Defendants, however, object to the scope of Plaintiff's proposed class—specifically the inclusion of employees with "similar positions." (Docket Entry 31, at 1–2, 6–7.) This objection is well-taken. Plaintiff has not presented any evidence regarding the job duties or pay structure of "similar positions." The affidavits supporting conditional certification in this case are all from engineers. (Docket Entry 5-5; Docket Entry 37-1.) The inclusion of other individuals with "similar positions" is inappropriate, as there is no evidence they are similarly situated to the putative class members. *See Roebuck*, 239 F. Supp. 2d at 238.

Based on all the foregoing, Plaintiff's motion for conditional certification is granted in part. The putative class will be comprised of all current and former engineers that were employed by Anderson at any time after March 9, 2013. If, at a later date, it becomes apparent that Plaintiff's and any other class members' overtime claims should be pursued on an individual basis, Defendants may move to decertify the class.

B.  *Notice.*

Once a court decides that class certification is appropriate, it is within its sound discretion to issue and monitor notice. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 171 (1989). Granting certification and issuing notice will have "the advantage of informing the original parties and the court of the number and identity of persons desiring to participate in this suit. With that information, analysis may be performed on the viability of the class and its representatives." *Villatoro v. Kim Son Rest. L.P.*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003).

Plaintiff has proposed a form notice to class members for approval. (*See* Docket Entry 5–1.) Defendants assert numerous objections to the notice. (Docket Entry 31, at 6–11.) The Court will not address any objections at this time. Instead, the Court will require the parties to confer on the specifics of the notice—including the form and contents of the notice, the delivery method, and the manner of consent—to determine if these objections can be resolved. The parties can report any further disputes to the Court for resolution.

C.  *Contact Information.*

Plaintiff also request that Defendants provide him with a list of the names, current/last known home addresses, email addresses of the class members. (Docket Entry 5, at 18.) Courts routinely grant discovery of identity and contact information for putative plaintiffs once conditional certification has been granted. *See Hoffman-La Roche*, 493 U.S. at 170; *Clarke v. Convergys Customer Mgmt. Grp., Inc.*, 370 F. Supp. 2d 601, 607 (S.D. Tex. 2005); *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-O, 2012 WL 6928101, at *5 (N.D. Tex. Nov. 29, 2012).

At this time, the Court orders that Defendants provide only the names and current/last known home addresses of potential class members for the three years preceding the filing of this

suit. If that information proves insufficient, Plaintiff may seek additional information from Defendants.

## IV.    Conclusion.

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Conditional Certification, for Disclosure of Contact Information, and to Send Notices (Docket Entry 5) is **GRANTED IN PART**. It is **FURTHER ORDERED** that the parties confer on the specifics of the notice, including the form and contents of the notice, the delivery method, and the manner of consent. At or before this conference, Defendants must provide Plaintiff with the potential class members' contact information, as discussed above. It is **FURTHER ORDERED** that, **within twenty-one (21) days** of the date of this Order, the parties submit either a joint proposed notice, or competing options for notice, to the Court for its consideration. All other requested relief is **DENIED**.

**SIGNED** on June 8, 2016.

Henry J. Bemporad
United States Magistrate Judge